UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
5:05-cv-16

| RONALD HOLMES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER AND MEMORANDUM |
| v. | ) | |
| | ) | |
| MBNA AMERICA BANK, N.A., SMITH | ) | |
| DEBNAM NARRON WYCHE SAINTSING | ) | |
| & MYERS, LLP PEDRO ZABALA, II | ) | |
| WOLPOFF & ABRAMSON, L.L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Smith Debnam is a North Carolina law firm located in Raleigh, North Carolina. The firm was retained in December of 2003 by the law firm of Wolpoff & Abramson to represent MBNA America Bank and to collect on its behalf a credit card debt they contend was owed by the plaintiff in this case, Ronald Holmes. Pedro Zabala is a Smith Debnam associate who was assigned to handle the matter on behalf of MBNA. Smith Debnam later filed suit in Catawba County District Court to enforce an Arbitration Award entered by the National Arbitration Forum in MBNA's favor and against Holmes. Holmes now alleges that these actions amount to a scheme to defraud him[1] and that he thereby is entitled to monetary and punitive relief from each of the named parties pursuant to 18 U.S.C. § 1334, for bank fraud, and for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

---

[1] In his Complaint, Mr. Holmes alleges that, after it stops receiving payments from a debtor (such as himself), MBNA commits bank fraud by, *inter alia*, charging off bad debt, acquiring legal counsel to obtain arbitration awards, attempting settlement negotiations with opposing counsel, and filing legal proceedings to enforce an arbitration award. (See Complaint at pp. 3-4).

1

Currently pending before the Court is the defendants' Motion to Dismiss (to which the plaintiff did not reply[2]), which the Court grants in its entirety for the reasons stated in the defendants' motion. Specifically, the plaintiff's claims pursuant to 18 U.S.C. §1344 fail for at least two reasons. First, 18 U.S.C. § 1344 is a criminal statute and provides no private right of action. Second, in order for there to be a violation of section 1344, a financial institution, as defined by 18 U.S.C. § 20, must be victimized. Ronald Holmes is an individual, not a financial institution and his allegations concern acts towards him personally as an individual. The plaintiff has thus failed to allege any facts supporting the contention that he is a financial institution as defined by 18 U.S.C. § 20, and thus a party protected by 18 U.S.C. §1344(2). And, because the plaintiff has failed to adequately plead the only predicate crime on which his RICO claim rests (i.e., banking fraud), his civil RICO claim also must fail. See Central Distrib. of Beer, Inc. v. Conn, 5 F.3d 181, 183-84 (6th Cir. 1993) (holding that in order to maintain a civil RICO action, a plaintiff must first demonstrate that the defendant had committed one of the crimes enumerated in 18 U.S.C. § 1961(1) and prove each prong of this predicate criminal offense).

Thus, for the foregoing reasons, even given the lenient standard afforded pro se complaints, and taking as true all well-pleaded factual allegations and all reasonable inferences that may be drawn therefrom, it is clear that no relief could be granted to Plaintiff Holmes under any set of facts that could be proved consistent with his Complaint.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Motion to Dismiss (Doc. No. 5) be **GRANTED** and Plaintiff Holmes's case be **DISMISSED** with **PREJUDICE**.

---

[2]Following Mr. Holmes's initial failure to respond to the defendants' motion, the Court advised him of the pending motion and of his right to file a response. (Doc. No. 10). Over two-months have elapsed, and Mr. Holmes still has not responded to the defendants' motion.

Signed: March 27, 2007

Robert J. Conrad, Jr.
Chief United States District Judge